El Pueblo, Demandante y Apelado, *v.* Martínez, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en causa por homicidio voluntario.

No. 1965.—Resuelto en marzo 12, 1923.

Acusación—Jurisdicción—Objeciones a la Acusación Tardías.—La objeción a la jurisdicción de la corte porque de la transcripción no aparece la firma del presidente del gran jurado que debió endosar como fundada la acusación, ni la del secretario de la corte, carece de mérito cuando se levanta por primera vez en apelación y con mayor motivo en el presente caso en que la transcripción, certificada por el secretario, comienza así: ''En el primer término de sesiones de esta corte de distrito, que comenzó el día primero de octubre de 1921, tuvo lugar la vista del presente caso, procedente del Gran Jurado de este distrito, y siendo juez de esta corte el Hon. * * * ''

Juicio por Jurado—Jurado Incompetente—Nuevo Juicio.—En el presente caso, al ser rendido veredicto de culpabilidad, el acusado alegó la nulidad del mismo y pidió nuevo juicio fundándose en que uno de los jurados había formado parte del gran jurado que endosó la acusación. Denegada la moción, *se resolvió:* que alegando el acusado bajo juramento que no tuvo conocimiento de la irregularidad hasta el momento que hizo la impugnación, y no existiendo en los autos nada que demuestre lo contrario, procede la concesión de un nuevo juicio.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sr. R. Martínez Nadal* y *Sra. H. Tormes.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Formulada acusación contra Saturnino Martínez (a) Tuní, imputándole la comisión de un delito de asesinato, alegó el acusado su inocencia y pidió juicio por jurados. Celebrado el juicio, el Jurado rindió un veredicto de culpable de homicidio voluntario. Solicitó el acusado un nuevo juicio. La corte lo negó y dictó sentencia condenando a Martínez a sufrir dos años de presidio. No conforme Martínez apeló para ante este tribunal de la negativa y de la sentencia, señalando en su alegato tres errores, cometidos, a su juicio, por la corte, 1°., al actuar sin jurisdicción; 2°., al aceptar como bueno un veredicto nulo, y 3°., al condenar al acusado.

1. Sostiene el apelante que la corte actuó sin jurisdicción porque de la transcripción no aparece la firma del Presidente del Gran Jurado que debió endosar como fundada la acusación, ni tampoco aparece la firma del secretario de la corte de distrito.

La sección 25 de la Ley No. 58 de 1919, estableciendo el Gran Jurado, en lo pertinente, dice:

"Sección 25.—Si el Gran Jurado encontrare motivos para acusar en cualquier caso, endosará la acusación presentada por el fiscal en esta forma: 'acusación fundada,' fecha y firma del presidente del jurado. * * * "

Examinada la transcripción no aparece, en efecto, al pie de la acusación el endoso del Gran Jurado con la firma del presidente, ni diligencia alguna de archivo por parte del secretario.

La transcripción, certificada por el secretario de la corte de distrito, comienza así: "En el primer término de sesiones de esta corte de distrito, que comenzó el día primero de

octubre de 1921, tuvo lugar la vista del presente caso, procedente del Gran Jurado de este Distrito, y siendo Juez de esta corte, el Hon. Charles E. Foote.'' Se copia entonces la acusación que comienza: ''Gran Jurado'' y termina con la firma del fiscal. Seguidamente aparece la alegación de inocencia del acusado.

Siendo esto así y levantándose la cuestión por vez primera en apelación, no creemos que tenga mérito alguno. Véanse los casos de *El Pueblo* v. *Aponte,* 9 D. P. R. 383, y *El Pueblo* v. *Ayala,* 15 D. P. R. 764, en los que se resolvió que la objeción contra la acusación por carecer de la firma del fiscal debe hacerse en el tribunal inferior y no por primera vez ante esta corte.

2. Examinemos la cuestión suscitada por el segundo señalamiento de error. El acusado solicitó la concesión de un nuevo juicio basándose en que uno de los jurados había formado parte del Gran Jurado que endosó la acusación. La moción jurada del acusado, copiada en lo pertinente, dice:

''1. Que en este caso se imputaba al acusado un delito de asesinato en primer grado y el jurado que entendió en la causa trajo un veredicto en contra del acusado de culpable de un delito de homicidio voluntario.—2. Que el peticionario solicita de la Honorable Corte ahora se le conceda la celebración de un nuevo juicio fundándose en las razones siguiente:—1. Que el jurado que entendió en esta causa fué constituído por doce miembros entre los cuales se encontraba uno que había actuado en el Gran Jurado que entendió e investigó la causa en contra del acusado; hecho éste que impide el que dicho jurado resolviera la causa en manera correcta, concienzuda e imparcial.—2. Que durante se substanciaba este caso, esto es, al rendir el veredicto el jurado, la defensa del acusado descubrió que el jurado Genaro Maldonado, que fué uno de los que entendió en el jurado que dió veredicto en este caso, había actuado como miembro del Gran Jurado que investigó los hechos en contra del acusado y habiéndose planteado el caso ante la corte la misma resolvió, desestimando la proposición del acusado, de que la corte no aceptara el veredicto del jurado porque era informal de cuya resolución el acusado

tomó excepción.—3. Que el veredicto en este caso es contrario a dere-
cho, por razón de que el jurado que entendió en esta causa estaba
constituído solamente por once miembros y no por doce tal como lo
expresa la ley, toda vez que uno de los miembros que constituía el pe-
queño jurado en este caso, o sea, el Jurado Genaro Maldonado, había
formado parte del Gran Jurado que había investigado los hechos en
contra del acusado, y dicho miembro, Genaro Maldonado, estaba im-
pedido y descualificado para servir o entender en este caso como
pequeño jurado de acuerdo con lo que establece la sección 55 de la
Ley No. 58 de 1919, en donde aparecen las facultades y deberes del
Gran Jurado y alega el acusado además en apoyo de su pretensión
de que la defensa, en tiempo y forma, o sea, al examinar los jurados
para su capacidad preguntó en público de si alguno de ellos había
formado parte del Gran Jurado que había investigado los hechos
que motivaban la acusación en contra del acusado, no habiendo nin-
guno de ellos contestado afirmativamente y por el contrario el silencio
significó su negativa ante tal pregunta y habiendo estado como es-
taba la boleta perteneciente al jurado Genaro Maldonado en el *box*
de donde se extraían las papeletas para el sorteo del pequeño jurado
no obstante haber dicho Genaro Maldonado formado parte del Gran
Jurado que investigó los hechos contra el acusado en este caso, cues-
tión que como antes se alegó se descubrió cuando estaba deliberando
el jurado y nunca antes de ese momento.—Y por todo lo alegado se
suplica de la Honorable Corte se sirva conceder un nuevo juicio al
acusado.''

. La corte negó el nuevo juicio, así:

''La corte resuelve que la sección 55 de la Ley No. 58, del año
1919 estableciendo el Gran Jurado en Puerto Rico, no prohibe que
una persona que hubiere tomado parte en las deliberaciones sobre
un cargo contra un acusado de la comisión de un delito pueda des-
pués servir como miembro del pequeño jurado en el juicio que se
celebre contra dicha persona por la comisión del mismo delito, sino
que le hace incompetente para actuar en el juicio al igual de las
demás personas comprendidas en el artículo 187 del Código de En-
juiciamiento Criminal, y si se acepta por el acusado, no puede después
del veredicto hacer ninguna objeción por este fundamento. La corte
debe aclarar que si bien por la defensa se hizo una pregunta general
a todos los jurados, al ser examinados respecto a su capacidad para

servir como jurados, si alguno de ellos había formado parte del Gran Jurado, también es verdad que las circunstancias del caso no fueron explicadas anteriormente de hacer dicha pregunta. Por este motivo la corte desestima la moción de nuevo juicio.''

La sección 55 de la citada ley No. 58 de 1919, dice:

''Ningún miembro del Gran Jurado que hubiere tomado parte en la deliberación sobre un cargo contra una persona acusada de la comisión de un delito, podrá después servir como miembro del pequeño jurado en el juicio que se celebre contra dicho acusado por la comisión del mismo delito.''

A nuestro juicio el precepto de ley que antecede es terminante. El derecho del acusado resultaba claro y debió ser reconocido por la corte y al no hacerlo así, cometió el error que se le atribuye. No es necesario que decidamos ahora el efecto que tendría el hecho de que el acusado tuviera conocimiento de la participación del jurado en el Gran Jurado con anterioridad al veredicto y nada gestionara hasta después del veredicto, pues en este caso la moción jurada alega que el acusado no tuvo conocimiento hasta el momento en que hizo la impugnación y nada hay en los autos que demuestre lo contrario.

En cuanto al tercer error, diremos que la prueba fué contradictoria. Siendo esto así, el recurso debe resolverse por el segundo error, revocarse la sentencia y la orden apeladas y ordenarse la celebración de un nuevo juicio.

> *Revocada la sentencia y orden apeladas y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.